**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3170-17T4

ANAND DAVID and GEETA
GOHAL DAVID,

      Plaintiffs-Respondents,

v.

KEIL DESIGN AND CONSTRUCTION,
LLC, GORDON KEIL, and ROBIN KEIL,

      Defendants-Appellants.

_____

KEIL DESIGN AND CONSTRUCTION,
LLC, GORDON KEIL, and ROBIN KEIL,

      Plaintiffs-Appellants,

v.

ANAND DAVID and GEETA
GOHAL DAVID,

      Defendants-Respondents.

_____

Submitted April 3, 2019 – Decided August 7, 2019

Before Judges Nugent and Reisner.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket Nos. L-2732-15 and L-1706-17.

John Rue & Associates, attorneys for appellants (Krista L. Haley and Donald A. Soutar, on the briefs).

Mc Elroy Deutsch Mulvaney & Carpenter, LLP, attorneys for respondents (Craig Howard Parker, of counsel and on the brief).

PER CURIAM

Gordon Keil, Robin Keil, and Keil Design & Construction (the Keils) appeal from a January 31, 2018 order denying reconsideration of an order that denied their applications for frivolous pleading sanctions. The Keils had sought counsel fees from Anand David, Geeta Gohol David (the Davids), and their attorneys, McElroy, Deutsch, Mulvaney & Carpenter, LLP (McElroy) and Craig H. Parker, for filing and pursuing a frivolous lawsuit. Judge Patrick J. Bartels dismissed the Keils' claim for sanctions as untimely and denied their motion for reconsideration. We affirm.

This is the background. In October 2013, the Davids and Gordon and Robin Keil entered into a real estate contract in which the Davids agreed to buy Gordon and Robin Keil's Montclair home. Closing took place in November 2013. The contract contained clauses that the home was being sold "as is,"

2

sellers were making no representation as to the property's character or quality, and therefore buyers were granted the right to have the dwelling and all other aspects of the property inspected. Other clauses in the contract provided that the contract contained the entire agreement between the parties, and no representations had been made by the parties except as set forth in the contract.

Notwithstanding these clauses, in April 2015, more than a year after closing, the Davids filed a lawsuit, not only against Gordon Keil and Robin Keil but also against Keil Design & Construction, LLC, which had no ownership interest in the home. The complaint's four counts were based on claims of alleged concealment and oral misrepresentations.

The trial court dismissed two of the complaint's four counts and part of a third count on the Keils' motion to dismiss the complaint for failure to state a cause of action. The court dismissed the remaining counts on summary judgment.

The Keils sought frivolous pleading sanctions. Parties seeking sanctions against an adversary for filing frivolous litigation are required by Rule 1:4-8(b)(1) to make the application "by motion made separately from other applications." Rule 1:4-8(b)(2) requires that "[a] motion for sanctions shall be filed with the court no later than 20 days following the entry of final judgment."

A-3170-17T4

The summary judgment, which disposed of all issues as to all parties, was granted on January 6, 2017. The Keils thus had until January 26, 2017, to file the motion for sanctions.

In an August 11, 2017 decision denying the motion for sanctions Judge Bartels recounted what occurred when the Keils attempted to file the motion for sanctions:

> On January 26, 2017, the Keils attempted to file a Rule 1:4-8 Motion for Sanctions with the Court. However, the documents filed were not signed, did not include a proposed form of order, a Notice of Motion or the filing application fee. Because of these deficiencies, the Clerk's Office labeled the submission a "Miscellaneous Brief." On January 30, 2017, the Keils filed a "corrected" Notice of Motion for Sanctions at which time the Clerk's Office accepted their submission as a Motion. However, the "corrected" Motion was still lacking a signature, application fee and proposed order. Because of these deficiencies the Clerk's Office stamped the documents "Received but Not Filed" and returned them to the Keils as being deficient. The Clerk's records indicate that the Keil's [sic] corrected Motion for Sanctions was ultimately considered filed with the Court on February 13, 2017.
>
> . . . .
>
> On March 6, 2017, the Keils filed a separate complaint against the Davids themselves for Frivolous Litigation under N.J.S.A. 2A:15-59.l. This matter was captioned Keil Design and Construction, LLC, et al. v. David, et al., Docket No. ESX-L-1706-17.

4

When the Keils filed the separate action seeking frivolous litigation sanctions against the Davids under N.J.S.A. 2A:15-59.1, they had not complied with the procedural requirements of Rule 1:4-8, which are applicable to a claim filed under N.J.S.A. 2A:15-59.1. Toll Bros., Inc. v. Twp. of W. Windsor, 190 N.J. 61, 72 (2007). Specifically, they had not filed their application by "motion," R. 1:4-8(b)(1), nor had they filed it timely, R. 1:4-8(b)(2).

In a thorough and cogent written opinion, Judge Bartels dismissed as the Keils' 2017 complaint seeking sanctions against the Davids under N.J.S.A. 2A:15-59 and denied as untimely the Keils' motion for sanctions against McElroy and Parker. The Keils filed a motion for reconsideration. Judge Bartels denied the motion in another thorough and cogent written opinion. Judge Bartels concluded the Keils had not satisfied the standard for reconsideration set forth in D'Atria v. D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990).

We affirm, substantially for the reasons expressed by Judge Bartels in his January 31, 2018 written opinion. In denying the Keils' reconsideration motion, the judge acted well within his discretion. Although the Keils' notice of appeal states they are appealing only from the January 31, 2018 order, we have also considered the August 11, 2017 order and written decision and found Judge

Bartels acted well within his discretion in denying that motion as well. Further discussion of the Keils' arguments is unwarranted. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3170-17T4